IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARECUS J. HILL**                                                                                   **PLAINTIFF**

v.                                    **Case No. 4:22-cv-00451-KGB**

**CNO FINANCIAL**                                                                                  **DEFENDANT**

**ORDER**

Before the Court is plaintiff Marecus J. Hill's *pro se* motion for leave to proceed *in forma pauperis* (Dkt. No. 1). For the following reasons, the Court grants Mr. Hill's motion (*Id.*). The Court also directs service of Mr. Hill's complaint.

I. ***In Forma Pauperis* Application**

Under 28 U.S.C. § 1915, the decision to grant or deny *in forma pauperis* status is within the sound discretion of the district court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the *in forma pauperis* statute, he must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986). In his application, Mr. Hill represents that he is unemployed and that his only source of income in the past 12 months is about $3,000 from a "company-sponsored pension account" and about $2,200 from unemployment (Dkt. No. 1, at 1). Mr. Hill states that he has about $8,000 in his bank account and "just recently borrowed money to keep bills going" (*Id.*, at 2). Mr. Hill lists recurring monthly expenses in the amount of $2,928 (*Id.*). Mr. Hill lists his wife and son as dependents. Additionally, Mr. Hill reports more than $50,000 in college loans, $16,000 in credit card debt, and $2,800 left to pay for his son's braces (*Id.*).

Based upon his *in forma pauperis* application, it appears that Mr. Hill does not have the ability to pay the filing fee without suffering an undue financial hardship.  Therefore, the Court grants Mr. Hill's motion to proceed *in forma pauperis* and permits him to proceed without prepayment of the filing fee at this time (Dkt. No. 1).

II.     **Screening of the Complaint**

The Court is required to screen Mr. Hill's complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *see also Angel v. Bowers*, Case No. 3:18-cv-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same).  A court may dismiss such a complaint without leave to amend.  *See Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 678 (2009).  While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of

further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting Iqbal, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, all parties, including *pro se* litigants, must comply with substantive and procedural law.  *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

For screening purposes, Mr. Hill's complaint suffices.  As a *pro se* litigant, Mr. Hill's complaint should be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  With liberal construction, the Court understands Mr. Hill's complaint to allege that he was subjected to different terms and conditions of employment, retaliated against for reporting discrimination, and terminated from his employment due to his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 (Dkt. No. 2, at 2–3).  Mr. Hill includes relevant paperwork from the United States Equal Employment Opportunity Commission ("EEOC") indicating that he timely filed a charge of discrimination and received a right-to-sue letter prior to filing this lawsuit (*Id.*, at 4–12).  Mr. Hill also submits statements from other Unit Field Trainer employees (*Id.*, 12–14).  At this stage of the litigation, the Court finds that Mr. Hill's complaint includes sufficient factual allegations to establish that Mr. Hill may be entitled to relief.  Accordingly, service on the defendant CNO Financial is appropriate.

### III.     Service of Process

Because Mr. Hill is proceeding *in forma pauperis*, he is entitled to rely on service by the United States Marshals Service ("USMS").  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *see also Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) (recognizing that, because the plaintiff was proceeding *in forma pauperis*, "[t]he court staff were obligated to prepare the summons and provide it to the USMS, and the USMS was obligated to effect service").  Because Mr. Hill is entitled to rely on service by the USMS, and because an extension of time to perfect service would not prejudice defendant, the Court finds that Mr. Hill's failure to serve process within 90 days of the complaint being filed is the result of excusable neglect and grants Mr. Hill a 90-day extension from the entry of this Order to serve defendant with summons and complaint.  *See Kurka v. Iowa Cty.*, 628 F.3d 953, 959 (8th Cir. 2010) ("Because the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process, is implicated here, the district court must weigh the effect on the party requesting the extension against the prejudice to the defendant."); *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 614 (8th Cir. 2003) ("Where a dismissal without prejudice has the actual effect of terminating a plaintiff's claim, . . . a strong argument may be made for a permissive extension, at least when such an extension would cause little or no prejudice to the defendant.").

The Court directs that Mr. Hill's complaint, along with a summons, be served on defendant CNO Financial within 90 days from the date of this Order (Dkt. No. 2).  The Clerk is directed to prepare a summons for CNO Financial to be served by the USMS pursuant to the terms of this Order without prepayment of fees and costs or security.

### IV. Instructions for *Pro Se* Litigants

Mr. Hill is proceeding *pro se*. He is notified that Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas requires *pro se* litigants like Mr. Hill: (1) to notify promptly the Court and the other parties in the case of any change of address; (2) to monitor the progress of the case; and (3) to prosecute or defend the action diligently. Mr. Hill should be aware that Local Rule 5.5(c)(2) further provides that the failure to respond to any communication from the Court within 30 days may result in dismissal of the case. Any party proceeding *pro se* is expected to be familiar with and follow the Federal Rules of Civil Procedure as well as the Local Rules of this Court. A copy of the Local Rules may be obtained from the District Clerk for the Eastern District of Arkansas.

### V. Conclusion

For the reasons set forth above, the Court grants Mr. Hill's motion for leave to proceed *in forma pauperis* (Dkt. No. 1). The Court directs the USMS to serve the summons and complaint on CNO Financial at the address listed in Mr. Hill's complaint (Dkt. No. 2, at 1).

So ordered this 2nd day of February, 2023.

Kristine G. Baker
United States District Judge